UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| YONGPING ZHOU, | ) |
| Appellant | ) |
| v. | ) CAUSE NO. 1:10-CV-61 RM and |
| | ) CAUSE NO. 1:09-CV-291RM |
| JILL A. GONZALEZ, | ) |
| Debtor/Appellee | ) |

OPINION and ORDER

On September 18, 2009, Bankruptcy Judge Robert E. Grant of the United States Bankruptcy Court for the Northern District of Indiana entered an order denying Yongping Zhou's request for a jury trial and an order denying Mr. Zhou's second motion for an extension of the discovery deadline. Mr. Zhou filed his notice of appeal of those two orders on September 25.[1] Mr. Zhou's appellate briefs contain his statement that this court has jurisdiction to consider his appeal based on "11 U.S.C. § 158(a)(1) or (a)(2)."

The orders being appealed by Mr. Zhou are interlocutory, not final, orders of the bankruptcy court. See Reise v. Board of Regents, 957 F.2d 293, 295 (7th Cir. 1992) (discovery orders are not final decisions and can, if erroneous, be corrected on appeal after a final decision); In re Beale, 410 B.R. 613, 616 (N.D. Ill. 2009) ("The Bankruptcy Court's order striking the jury demand is an interlocutory

---

[1] On September 30, Judge Grant denied Mr. Zhou's motion for reconsideration of the order denying the request to extend the discovery deadline.

order."). 28 U.S.C. § 158(a) confers jurisdiction on district courts to hear appeals from final and interlocutory orders of bankruptcy courts, but "a party does not have an absolute right to take an interlocutory appeal from the bankruptcy court. . . . Instead, the party must seek the leave of the district court." In re Salem, 465 F.3d 767, 774 (7th Cir. 2006) (*citing* 28 U.S.C. § 158(a)(3)). Thus, Mr. Zhou may proceed on his appeal of those orders only if this court grants him leave to do so. *See* In re National Steel Corp., No. 05-C-3362, 2005 WL 2171169, at *3 (N.D. Ill. Aug. 31, 2005) ("a district court has discretion to accept or not to accept an appeal from a bankruptcy court's interlocutory order"); In re Kmart Corp., No. 04-C-4978, 2004 WL 2222265, at *1 (N.D. Ill. Oct. 1, 2004) ("A court will not grant leave to appeal an interlocutory order absent 'exceptional circumstances.'"); In re ANR Advance Transp. Co., Inc., 302 B.R. 607, 612 (E.D. Wis. 2003) ("Generally speaking, leave to appeal an interlocutory order will not be granted absent extraordinary circumstances.").

Factors to be considered in the court's evaluation of an interlocutory appeal are set forth in 28 U.S.C. § 1292(b), which provides that an interlocutory appeal is appropriate only if the underlying order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and if "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The party seeking leave to appeal must establish each of those elements. Ahrenholz v. Board of Trustees of Univ. of Ill., 219 F.3d 674, 675-676 (7th Cir. 2000).

Mr. Zhou hasn't addressed the criteria of Section 1292(b): he hasn't set forth a "controlling question of law" involved in the appeal; he hasn't demonstrated "a substantial ground for a difference of opinion;" he hasn't established that his appeal would "materially advance" final resolution of the bankruptcy litigation; nor has he presented any exceptional circumstances that would justify consideration of his appeal. Mr. Zhou merely argues that the bankruptcy judge shouldn't have denied his motions (and motions for reconsideration) and complains of actions of the debtor, her attorney, and the bankruptcy judge that are not at issue in this appeal.

The bankruptcy court's "garden variety discovery order does not present the unique circumstances" warranting immediate appellate review; "[t]he general and very salutary rule is that discovery orders are not appealable until the end of the case." Brookins v. Coldwell Banker, No. 02-C-3425, 2003 WL 1720028, at *1-*2 (N.D. Ill. Mar. 31, 2003); *see also* Santa Fe Indus., Inc. v. Yorke, No. 90-C-5359, 1991 WL 18483, at *1 (N.D. Ill. Feb. 11, 1991) ("It is difficult to decipher how a discovery order could be a controlling question of law."). Too, "[a]uthorities in this circuit generally have not found the striking of a jury demand . . . to warrant an interlocutory appeal." In re Glenn, No. ADV. 04-A-4493, 2006 WL 2252529, at *2 (N.D. Ill. Aug. 3, 2006) (citing cases).

Therefore, the court DECLINES to grant Mr. Zhou leave to appeal from the interlocutory order of the bankruptcy court, DISMISSES this appeal for lack of jurisdiction, and DENIES his motion to consolidate [doc. # 17in Cause No. 1:09-CV-291; doc. # 4 in Cause No. 1:10-CV-56; doc. # 8 in Cause No. 1:10-CV-61].

SO ORDERED.

ENTERED:   May 6, 2010  


                            /s/ Robert L. Miller, Jr.           
                          Judge
                          United States District Court


cc:    Clerk, United States Bankruptcy Court
        Y. Zhou
        R. Beymer